IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARK ANTHONY EDWARDS,

    Petitioner,

v.

SUPERINTENDENT
JEROME WALSH, et al.,

    Respondents.

CIVIL ACTION
NO. 13-1010

## ORDER

**AND NOW**, this 21st day of August 2013, upon consideration of Petitioner Mark Anthony Edwards' pro se Petition for Writ of Habeas Corpus (Doc. No. 1), Respondents' Response in Opposition (Doc. No. 8), Petitioner's Reply (Doc. No. 9), the Report and Recommendation of Magistrate Judge Linda K. Caracappa (Doc. No. 10), and Petitioner's Objections to the Report and Recommendation (Doc. No. 11), it is **ORDERED** that:

1. The Report and Recommendation of Magistrate Judge Caracappa (Doc. No. 10) is **APPROVED** and **ADOPTED**.[1]

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(B) and local rules of court, a district judge may designate a magistrate judge to file proposed findings and recommendations in regard to a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. "Within fourteen days after being served with a copy [of the magistrate's report], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). E.D. Pa. Local Civil Rule 72.1.IV(b) requires an objecting party to "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." With respect to pro se litigants, however, this rule may be relaxed. See McCabe v. Pennsylvania, 419 F. Supp. 2d 692, 695 (E.D. Pa. 2006) (treating pro se litigant's letter to court as objection).

The district judge "shall [then] make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). "Although [the] review is de novo, [a district judge] [is] permitted, by statute, to rely upon the magistrate judge's proposed findings and recommendations to the extent [the judge], in

the exercise of sound discretion, deem[s] proper." Owens v. Beard, 829 F. Supp. 736, 738 (M.D. Pa. 1993) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)). The Third Circuit has "assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

In this case, Petitioner Mark Anthony Edwards pled guilty in the Montgomery County Court of Common Pleas to charges of involuntary deviate sexual intercourse with a person less than sixteen years of age, aggravated indecent assault, and endangering the welfare of a minor. (Doc. No. 10 at 1.) He was sentenced to a term of imprisonment of eleven and a half to twenty-seven years. (Id.) Petitioner challenged his conviction and sentence on appeal and pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA").

Petitioner was appointed counsel at the direct appeal and PCRA stages. (Doc. No. 10 at 1-2.) In both instances, counsel filed a brief with the state court requesting to withdraw representation because there were no meritorious issues in the case, not even certain ineffective assistance of counsel claims. (Id.) The State court agreed and court-appointed counsel was permitted to withdraw. (Id.) Petitioner then proceeded pro se and raised ineffective assistance claims, among others. (Doc. No. 10 at 2.) He was unsuccessful at all stages. (Id. at 1-3.)

On March 22, 2013, Petitioner filed the instant Petition for Writ of Habeas Corpus. (Doc. No. 1.) The Petition, liberally construed, sets forth the following claims for relief:

1) Ineffective Assistance of Appellate Counsel for failure to raise the issue that Petitioner was denied an attorney at his preliminary hearing.

2) Ineffective Assistance of Appellate Counsel for abandoning Petitioner on direct appeal by refusing to represent Petitioner or answer any phone calls or correspondence from Petitioner himself or Petitioner's family.

(Doc. No. 10 at 3.) On July 12, 2013, Magistrate Judge Caracappa issued a Report recommending that the Petition be denied because both of Petitioner's claims were procedurally defaulted because of his failure to properly exhaust the claims in state court. (Id. at 3, 5-7.) Exhaustion requires that "a habeas applicant . . . show that the federal claim he asserts in federal court has been 'fairly presented' to the state courts." Santana v. Fenton, 685 F.2d 71, 73 (3d Cir. 1982) (citing Picard v. Connor, 404 U.S. 270, 275 (1971)). For his first ineffective assistance of counsel claim, Judge Caracappa noted that "the first time [P]etitioner raised this claim was on [PCRA] appeal to the Pennsylvania Superior Court," and therefore the claims were not "fairly presented" to state court. (Doc. No. 10 at 6-7.) For the second ineffective assistance of counsel claim, Judge Caracappa found that "Petitioner failed to present this claim at any state court level." (Id. at 7.) Moreover, Petitioner had failed to show any reason to excuse the state procedural default. (Id. at 7-9.)

In his timely objection to the Report and Recommendation, Petitioner references Martinez v. Ryan, 132 S. Ct. 1309 (2012), and contends that he "can show cause for the default and actual prejudice as a result," and therefore Judge Caracappa should have reviewed the merits of his ineffective assistance of counsel claims. (Doc. No. 11 at 1-2.) For reasons that follow, the Court will deny Petitioner's objections and adopt Judge Caracappa's Report and Recommendation.

2. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DENIED**.

3. A certificate of appealability will not be issued because, based on the analysis contained in Magistrate Judge Caracappa's Report and Recommendation, as

---

In <u>Martinez</u>, the Court set forth specific instances where procedural default could be excused:

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The <u>first</u> is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The <u>second</u> is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of <u>Strickland v. Washington</u>. To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

132 S. Ct. at 1318-19 (internal citations omitted) (emphasis added).

Here, Petitioner does not fulfill the requirements in <u>Martinez</u> that would overcome his procedural default. Petitioner does not fit into either narrow circumstance for establishing cause for a default of an ineffective-assistance claim. First, he was appointed counsel in the initial-review collateral proceeding, which nullifies option one. (Doc. No. 10 at 2.)

Second, Petitioner cannot satisfy the <u>Strickland</u> standard as it relates to his court-appointed counsel at the PCRA stage. Under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), a petitioner must show the following to prevail on a claim of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

<u>Id.</u> at 687. In this case, Petitioner's court-appointed PCRA counsel filed a letter with the state court requesting to withdraw from the case because there were no meritorious issues. The state court agreed to allow withdrawal, but only after conducting the requisite inquires, that is, the state court was required to "conduct an independent review of the record and must agree with counsel that the petition is meritless before dismissing the petition." (Doc. No. 10 at 2 n.1.) Such conduct on the part of Petitioner's PCRA counsel does not indicate deficient performance under <u>Strickland</u>. Thus, Petitioner cannot establish cause for the procedural default of his ineffective assistance of counsel claims under <u>Martinez</u>. Therefore, the Court will adopt Judge Caracappa's Report and Recommendation and deny the Petition for Writ of Habeas Corpus.

approved and adopted by this Court, a reasonable jurist could not conclude that the Court is incorrect in denying and dismissing the habeas petition.

4. The Clerk of Court shall close the above-captioned case.

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.