IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK A. EDWARDS,<br><br>            Petitioner,<br><br>v.<br><br>SUPERINTENDENT<br>JEROME WALSH et al.,<br><br>            Respondents. | CIVIL ACTION<br>NO. 13-1010 |

FILED JUL - 9 2015

## OPINION

Slomsky, J.                                                                                                July 9, 2015

### I.    INTRODUCTION

Before the Court is Petitioner's Motion for relief under Federal Rule of Civil Procedure 60(b)(6). (Doc. No. 32.) This Motion constitutes Petitioner's second attempt to reopen the denial of his Petition for Writ of Habeas Corpus (Doc. No. 1) by alleging ineffective assistance of counsel claims under Rule 60(b). For reasons that follow, Petitioner's instant 60(b)(6) Motion will be denied.

### II.   BACKGROUND

On January 15, 2009, Petitioner Mark Anthony Edwards pled guilty in the Court of Common Pleas of Montgomery County, Pennsylvania, to charges of involuntary deviate sexual intercourse with a person less than sixteen years of age, aggravated indecent assault, and endangering the welfare of a minor. (Doc. No. 10 at 1.) He was sentenced to a term of imprisonment of eleven and a half to twenty-seven years. (Id.)

On direct appeal to the Superior Court of Pennsylvania, Petitioner's court-appointed counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967) requesting to

ENTERED
JUL - 9 2015
CLERK OF COURT

1

withdraw representation because there were no meritorious issues in the case, including ineffective assistance of counsel claims. (Id.) The Superior Court deemed Petitioner's ineffectiveness claim not ripe for review, affirmed Petitioner's judgment and granted counsel's petition to withdraw. (Doc. No. 8, Ex. A at 9.) Petitioner did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

Petitioner next filed a pro se petition pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § 9541 et seq., alleging ineffective assistance of trial counsel, an unlawfully induced guilty plea, and an involuntary statement. (Doc. No. 10 at 2.) Court-appointed counsel on the PCRA Petition filed a "no merit" letter pursuant to Commonwealth v. Finley, 550 A.2d 231 (Pa. Super. Ct. 1998). Following an independent review of the record, the trial court dismissed the PCRA petition without a hearing, and granted counsel's petition to withdraw. (Id.)

Petitioner then filed a pro se appeal of the denial of his PCRA Petition to the Superior Court of Pennsylvania. In his court-ordered statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) ("1925(b) concise statement"), Petitioner alleged the following errors:

    (1)    [Petitioner] was not sentenced in a timely manner after open guilty plea[;]

    (2)    [Petitioner] was not informed of amendment of information or a chance to challenge[; and]

    (3)    [Petitioner] was not effectively counseled due to above mentioned matters and also counsel did not file appeals or withdrawal of guilty plea in a timely manner[.]

(Id. at 2; Doc. No. 8, Ex. B.)

However, in petitioner's appellate brief filed in the Superior Court, he made the following claims of ineffective assistance of counsel against the attorney who represented him at his guilty plea:

(1) failing to assert that his waivers of counsel and of his preliminary hearing were improper and in conflict with Pa. R. Crim. P. 541;

(2) failing to investigate whether his statements were illegally obtained; and

(3) failing to challenge the charges against him on corpus delecti grounds.

(Doc. No. 8, Ex. D at 24-25.) On review, the Superior Court affirmed the trial court's denial of the PCRA Petition. The Superior Court found, inter alia, no error in denying the PCRA Petition and also found that the three issues presented in Petitioner's brief were waived due to his failure to include these issues in his 1925(b) concise statement and to develop them in the brief. In any event, the Superior Court deemed these issues to be meritless. (Id. at 25 n.4.) Petitioner unsuccessfully sought discretionary review with the Pennsylvania Supreme Court. Commonwealth v. Edwards, 60 A.3d 534 (Pa. 2012) (per curiam).

On March 22, 2013, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. (Doc. No. 1.) The Petition, liberally construed, sets forth the following two claims for relief:

(1) Ineffective Assistance of Appellate Counsel for failing to raise on direct appeal the issue that Petitioner was denied an attorney at his preliminary hearing; and

(2) Ineffective Assistance of Appellate Counsel for abandoning Petitioner on direct appeal by refusing to represent Petitioner or answer any phone calls or correspondence from Petitioner himself or Petitioner's family.

(Doc. No. 10 at 3.)

On July 12, 2013, U.S. Magistrate Judge Linda Caracappa issued a Report recommending that the Petition for a Writ of Habeas Corpus be denied because Petitioner's two claims were

3

procedurally defaulted due to his failure to properly exhaust them in state court. (Id. at 3, 5-7.) Petitioner filed timely Objections to the Magistrate Judge's Report and Recommendation. (Doc. No. 11.) On August 21, 2013, after considering Petitioner's Objections, the Court adopted and approved the Magistrate Judge's Report and Recommendation, denying the Petition for a Writ of Habeas Corpus. (Doc. No. 12.)

Less than a month later, on September 18, 2013, Petitioner filed a Motion to Vacate, Strike, And/Or Open Void Judgment Pursuant to Rule 59(e), 60(b)(4), And/Or Independent Action (Doc. No. 13) and a Notice of Appeal of the Court's Order Adopting the Report and Recommendation (Doc. No. 15). On March 25, 2014, this Court denied Petitioner's Rule 59(e) and 60(b)(4) Motion. (Doc. No. 29.) On November 4, 2014, the Third Circuit denied his application for a certificate of appealability in regard to this Court's Order of August 21, 2013 adopting the Report and Recommendation of the Magistrate Judge and denying the Petition for Habeas Corpus. (Doc. No. 31.)

On December 12, 2014, Petitioner filed the instant Motion for 60(b)(6) Relief. (Doc. No. 32.) Petitioner raises four ineffective assistance of counsel claims in the instant Motion and each will be discussed below. The Commonwealth filed a Response in Opposition. (Doc. No. 37.) For reasons that follow, Petitioner's Motion will be denied.

### III. ANALYSIS

#### A. Petitioner's 60(b)(6) Motion

##### 1. Standard of review for Rule 60(b)(6) motions

Having exhausted a claim under Federal Rule of Civil Procedure 60(b)(4), which was interpreted by the Court in its March 25, 2014 Opinion to be an argument under 60(b)(3), Petitioner now asks the court to grant relief under 60(b)(6), the rule's "catch-all" provision. Relief from judgment pursuant to Rule 60(b) may be granted on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

Rule 60(b)(6) "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." Devon IT, Inc. v. IBM Corp., No. 10-2899, 2013 WL 6721748, at *3 (E.D. Pa. Dec. 20, 2013) (quoting Klapprott v. United States, 335 U.S. 601, 615 (1949)) (internal quotation marks omitted). "This provision applies only when there are reasons for relief other than those set out in the more specific clauses of Rule 60(b)." Id. The district court should employ a "flexible, multifactor approach to Rule 60(b)(6) motions . . . that takes into account all the particulars of a movant's case." Cox v. Horn, 757 F.3d 113, 122 (3d Cir. 2014). However, the court should utilize 60(b)(6) sparingly and only in "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." Id. at 120 (quoting Swaka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993)).

### 2. Petitioner's four ineffective assistance of counsel claims under Rule 60(b)(6)

Under 60(b)(6), Petitioner requests that the Court "reopen [Petitioner's] first timely habeas corpus action." (Doc. No. 32 at 1.) Specifically, Petitioner claims that his PCRA counsel was ineffective pursuant to Strickland v. Washington, 466 U.S. 668 (1984) and Martinez v. Ryan, 132 S. Ct. 1309 (2012), for failing to raise instances of trial counsel's ineffectiveness. Petitioner's allegations of ineffectiveness cover the following four claims:

(1) advising Petitioner to plead guilty to an illegal amendment to the bill of information;

5

(2)  advising Petitioner to plead guilty to charges that did not satisfy the <u>corpus delecti</u> rule;

(3)  advising Petitioner to reject an initial plea offer; and

(4)  a lack of counsel at the preliminary hearing.

(See Doc. No. 32 at 1-2.)

Petitioner has asserted the above four claims at different stages of his state court PCRA proceedings and the habeas proceedings before this Court. The claims will be discussed below, beginning with the fourth claim.

### a.  Petitioner's fourth claim

Petitioner's fourth claim addressing lack of counsel at the preliminary hearing is the only claim of the four mentioned in his 60(b)(6) Motion that was specifically raised in Petitioner's habeas petition and addressed by Magistrate Judge Caracappa in her Report and Recommendation to this Court. Magistrate Judge Caracappa found that this claim was procedurally defaulted, and this Court adopted this conclusion in the August 21, 2013 Order. (See Doc No. 10 at 5-6; Doc. No. 12 at 2-3.) A certificate of appealability was denied by the Third Circuit.

### b.  Petitioner's first three claims

In contrast, Petitioner failed to assert his first three claims in his Petition for a Writ of Habeas Corpus that was considered by Judge Caracappa. (See Doc. No. 1.)

The first, regarding an allegedly illegal amendment to the bill of information, was raised by Petitioner during PCRA proceedings in his 1925(b) concise statement, which is a written filing that specifies the errors to be complained of on appeal. See Pa.R.A.P. 1925(b); (Doc. No. 8, Ex. 1 at 10.) The PCRA court found that this argument did not amount to ineffective assistance of counsel. (See Doc. No. 8, Ex.1 at 3.) On appeal, the Superior Court found that

6

Petitioner waived this claim because he failed to develop this argument in his accompanying brief. (Id. at 8.) On the federal level, Petitioner failed to assert this claim in his Petition for a Writ of Habeas Corpus. (See Doc. No. 1.) Rather, Petitioner raised this claim for the first time in his Objections to Magistrate Judge Caracappa's Report and Recommendation (Doc. No. 11 at 2-3), and again in his Motion under Rules 59(e) and 60(b)(4).

Petitioner addressed his second claim, regarding corpus delecti, for the first time in his PCRA brief to the Superior Court. (Doc. No. 8, Ex. D at 19.) The Superior Court found Petitioner waived this claim because he did not include the corpus delecti argument in his 1925(b) concise statement to the court and thus did not address this claim on the merits. (Id. at 25.) Petitioner has not raised the corpus delecti argument on the federal level in habeas proceedings until he listed it as a ground for relief in the instant Motion.

Finally, Petitioner's third claim regarding counsel advising him to reject an initial plea offer has not been raised previously in any state proceeding. Petitioner first raised this claim when he filed Objections to the Report and Recommendation, and renewed this claim in the instant Motion. (See Doc. No. 11 at 2-3.)

### B. Petitioner's Four 60(b)(6) Claims Are Barred as Second or Successive Habeas Petitions

As mentioned in the Court's denial of Petitioner's previous 60(b)(4) and 59(e) Motion (Doc. No. 13), the Court must first determine whether this Motion is a second or successive habeas petition. See Fraticelli v. Piazza, No. 08-688, 2008 WL 2152058, at *3 (E.D. Pa. May 22, 2008). AEDPA, codified in part in 28 U.S.C. § 2244, sets limits on second or successive federal habeas corpus petitions.

> First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1). Second, any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence.

7

> § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet [the requirements of § 2244(b)(2)].

Gonzalez v. Crosby, 545 U.S. 524, 529-30 (2005) (citing 28 U.S.C. § 2244).

The United States Supreme Court and the Third Circuit Court of Appeals have held that "a 60(b) motion constitutes a second or successive petition 'if it attacks the federal court's previous resolution of a claim on the merits[.]'" United States v. Andrews, 463 F. App'x 169, 171 (3d Cir. 2012) (quoting Gonzalez, 545 U.S. at 532). Furthermore, the 60(b)(6) also falls under the category of a second successive habeas petition if it "seeks to relitigate issues already decided by the district court on habeas, or pose[s] new claims that would have been cognizable on federal habeas review . . . ." United States v. Medina, No. 01-2771, 2006 WL 3511754, at *4 (citing Pridgen v. Shannon, 380 F.3d 721, 726 (3d Cir. 2004)). Conversely, a 60(b) motion does not constitute a second or successive petition if it instead "attacks . . . some defect in the integrity of the federal habeas proceedings." Andrews, 463 F. App'x at 172 (quoting Gonzalez, 545 U.S. at 532). Simply put, "when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition." Pridgen, 380 F.3d at 727. If, however, "the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits." Id.

As mentioned above, Petitioner has alleged four grounds for reopening his habeas petition in his 60(b)(6) motion. Starting with Petitioner's fourth grievance—that PCRA counsel failed to challenge denial of counsel at his preliminary hearing—it is evident that this claim was reviewed by Magistrate Judge Caracappa in her Report and Recommendation. The Recommendation was adopted by this Court and a certificate of appealability was denied by the

8

Third Circuit. This allegation, therefore, is a successive claim which has already been adjudicated and must be dismissed under Section 2244(b)(1).

Turning to the first three claims, Petitioner argues that trial counsel was ineffective for (1) advising him to plead guilty to an illegal amendment to the bill of information; (2) advising him to plead guilty to charges that did not satisfy the corpus delecti rule; (3) advising him to reject an initial plea offer and, by extension, appellate counsel was ineffective for failing to raise these issues on appeal. These claims, as well as the fourth claim, attack the merits of his underlying conviction rather than the manner in which the habeas judgment was procured. Thus, since Petitioner seeks to add new grounds for relief from the state conviction in his Rule 60(b)(6) Motion, it is considered a second successive habeas petition.

With regard to all four claims, Petitioner has failed to conform to the requirement set forth in § 2244(b)(3)(A) which requires that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This requirement for preclearance from the Court of Appeals serves an important gatekeeping function, as discussed in Robinson v. Johnson, which discussed § 2244(b)(3)(A) in depth:

> Equally important is the recognition that AEDPA places the defense of successiveness on a different level than other affirmative defenses, such as the statute of limitations. Practically speaking, it is unique. Second or successive petitions for habeas relief have always faced significant obstacles to consideration in the federal courts because they are, for the most part, wasteful of judicial time and effort. The passage of AEDPA in 1996 strengthened these obstacles by creating a special screening process for the consideration of second or successive petitions, often referred to as a "gatekeeping' mechanism." Felker v. Turpin, 518 U.S. 651, 657, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Section 2244(b) provides both procedural and substantive limits on the filing of second or successive petitions. One of the most significant changes is the requirement that the applicant must secure approval from the court of appeals to file a successive

petition. 28 U.S.C. § 2244(b)(3)(A) (2001); H.R. Conf. Rep. No. 104–518, at 111 (1996), U.S. Code Cong. & Admin. News 944. Unless the court of appeals grants such permission, the district court may not consider the second or successive petition.

Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002).

The instant 60(b)(6) Motion was filed on December 12, 2014. Petitioner did not request permission of the Court of Appeals to file the Motion. Therefore, he is not in compliance with the procedural gatekeeping provision set forth § 2244(b)(3)(A) because he did not obtain permission from the Third Circuit Court of Appeals to file the Motion. For this reason alone, the Motion should be denied.

### C. Petitioner Has Not Shown He is Entitled to Excuse a Procedural Default

#### 1. Petitioner has not satisfied excusal of default under the Martinez or Cox standards

Petitioner also asserts that he is entitled to relief under Rule 60(b)(6) in light of the Third Circuit's recent holding in Cox v. Horn, 757 F.3d 113 (3d Cir. 2014), which discusses Martinez v. Ryan, 132 S. Ct. 1309 (2012). Cox v. Horn was decided on August 7, 2014, almost five months after the Court denied on March 25, 2014 Petitioner's Motion under 59(e) and 60(b)(4).[1] Petitioner cites to Cox in his Petition, which states as follows:

> Movant invokes the Equal Protection Clause of the Fourteenth Amendment and asserts in light of the Third Circuit Court of Appeal's [sic] recent holding in Cox v. Horn, 757 F.3d 113 (3d Cir. 2014), mandating that Martinez v. Ryan, 132 S. Ct. 1309 (2012), with "more" [sic] constitutes sufficient cause to grant Rule 60(b) relief, [sic] this Court should consider the following pleadings pertaining to the procedural default of substantial trial-counsel ineffectiveness claims that PCRA counsel failed to discover and raise during Movant's initial-review state (PCRA) proceedings.

(Doc. No. 32 at 1.)

---

[1] As noted above, this Motion (Doc. No. 13) was filed on September 18, 2013, about one month after this Court adopted the Report and Recommendation of Magistrate Judge Caracappa. The Motion was denied by this Court on March 25, 2014. (Doc. No. 29.)

10

Essentially, Petitioner contends that the Court may consider the four arguments that he now raises in his 60(b)(6) Motion in view of the Third Circuit's holding in Cox v. Horn. Petitioner, however, misapplies the holding in Cox.

In Cox v. Horn, the Third Circuit had to decide whether the change in law heralded by the Supreme Court decision in Martinez v. Ryan, 132 S. Ct. 1309 (2012), constituted the type of "extraordinary circumstance" necessary to grant relief under 60(b)(6). Using 60(b)(6), Cox, the petitioner, asked the court to reopen his procedurally-defaulted ineffective assistance claims because Martinez v. Ryan constituted a subsequent intervening change in law in his favor. Martinez changed the law by excusing procedural default for ineffective assistance of counsel claims in the following two narrow circumstances:

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of Strickland v. Washington. To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

132 S. Ct. at 1318-19 (internal citations omitted) (emphasis added).

Despite the additional exceptions provided by Martinez, Cox found that the change in habeas corpus law triggered by Martinez did not, "without more" entitle Cox to relief under 60(b)(6). But Cox set forth a framework for a district court to follow when a petitioner claims an intervening change in law as grounds for relief under 60(b)(6). Preliminarily, a district court must decide whether the claimed intervening change in law applies to the petitioner's circumstances. Then, Cox held that the court should balance the following four equitable factors in its determination of whether 60(b)(6) relief is warranted:

11

>    (1)   the merits of the underlying ineffectiveness of counsel claim
>
>    (2)   whether the merits were ever considered before judgment;
>
>    (3)   the time that passed after the conviction and the filing of the initial habeas petition;
>
>    (4)   the petitioner's diligence in pursuing his ineffectiveness of counsel claims; and
>
>    (5)   whether it is a capital case.

Strum v. Palakovich, No. 05-5280, 2015 WL 1255907, at *3 (E.D. Pa. Mar. 19, 2015) (citing Cox, 757 F.3d at 124-25).

For purposes of this Court's analysis, it seems that Petitioner interprets Cox, and not specifically Martinez, to constitute the intervening change in law. Petitioner reads Cox as permitting him to advance four additional substantive ineffective assistance of counsel claims as the "something more" or extraordinary circumstances that, paired with an applicable intervening change in law, would justify 60(b)(6) relief.

As noted above, Petitioner misapplies the holding in Cox. Contrary to Petitioner's interpretation, the Cox holding is not an intervening change in law that would favor him because its reference to "something more" does not open the door for subsequent ineffective assistance of counsel claims. To the contrary, Cox reiterates the high burden required for 60(b)(6) relief. Cox noted that "intervening changes in the law rarely justify relief from final judgments under 60(b)(6)." Cox, 757 F.3d at 121 (emphasis added). Cox also noted that in addition to finding an intervening change in law, a district court must analyze certain attendant circumstances that would justify relief "that take[] into account all the particulars of a movant's case." Id. at 122. Accordingly, Cox provided a "flexible, multifactor approach," and set forth the above-mentioned four equitable factors to guide the Court's inquiry. Thus, the Cox holding is neither an

intervening change in law nor an extraordinary circumstance that would excuse Petitioner's procedurally defaulted claims.

Furthermore, the Court cannot consider the Cox factors because Petitioner has failed to satisfy the two exceptions in Martinez. In order to state an ineffective assistance claim in Martinez, the petitioner "must demonstrate ineffective assistance of post-conviction counsel as well as a 'substantial' claim of ineffective assistance at trial." Cox, 757 F.3d at 124 (citing Martinez, 132 S. Ct. at 1318). The Court notes that it fully considered the Martinez exceptions and their applicability to Petitioner's ineffectiveness claims in its adoption of Magistrate Judge Caracappa's Report and Recommendation. (See Doc. No. 12 at 3.) Specifically, the Court found Martinez inapplicable to Petitioner's claims against his court-appointed PCRA counsel, holding:

> In this case, Petitioner's court-appointed PCRA counsel filed a letter with the state court requesting to withdraw from the case because there were no meritorious issues. The state court agreed to allow withdrawal, but only after conducting the requisite inquiries, that is, the state court was required to "conduct an independent review of the record and must agree with counsel that the petition is meritless before dismissing the petition." (Doc. No. 10 at 2 n.1.) Such conduct on the part of Petitioner's PCRA counsel does not indicate deficient performance under Strickland. Thus, Petitioner cannot establish cause for the procedural default of his ineffective assistance of counsel claims under Martinez.

(Doc. No. 12 at 3.) The Court will not disturb its previous holding. Petitioner cannot establish the first prong of Martinez, specifically ineffective assistance of post-conviction counsel. This conclusion is based on PCRA counsel's no-merit letter and the state court's independent review of the record. Thus, despite the fact that Martinez was a change in the law, it does not apply to any of Petitioner's claims, and therefore a full review of the Cox factors is not necessary. Finally, beyond his citation to Cox and Martinez, both of which do not apply here, Petitioner has not set forth any other extraordinary circumstances that would justify relief under Rule 60(b)(6).

Accordingly, Petitioner's Motion will be denied because (1) the fourth claim alleged in his Motion has already been considered and decided; (2) his four ineffective assistance of counsel claims against PCRA counsel constitute second successive habeas claims which cannot be pursued under AEDPA unless a certificate of appealability is issued by the Court of Appeals and; (3) Petitioner has failed to make a showing of procedural default by his PCRA counsel as required by Martinez.[2]

## IV.  A CERTIFICATE OF APPEALABILITY WILL NOT ISSUE

A district court shall issue a certificate of appealability only if a petitioner establishes "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court concludes that Petitioner has not made such a showing with respect to his 60(b)(6) Motion. Therefore, a certificate of appealability will not issue.

## V.  CONCLUSION

For the foregoing reasons, Petitioner's Motion for Relief under Federal Rule of Civil Procedure 60(b)(6) will be denied. An appropriate Order follows.

---

[2] In addition, Respondents argue that Petitioner's 60(b) Motion is untimely. A motion under Rule 60(b)(6) must be made within a "reasonable" time depending on the circumstances of each case. In re Diet Drugs Prod. Liab. Litig., 383 F. App'x 242, 246 (3d Cir. 2010). Petitioner filed the instant 60(b)(6) Motion based on his erroneous belief that Cox v. Horn constituted a favorable change in the law. The Third Circuit decided Cox v. Horn on August 7, 2014 and Petitioner filed the instant Motion based on Cox on December 11, 2014. (Doc. No. 32). In light of the circumstances of this case, and because Petitioner is incarcerated and proceeding pro se and relied on Martinez in an earlier filing in this case, the Court will find that Petitioner's four month delay was not unreasonable. Compare Peterson v. Brennan, Civ. A. No. 97-3477, 2015 WL 3631762 (E.D. Pa. June 10, 2015) and Durham v. Piazza, Civ. A. No. 07-4338, 2015 WL 3647285 (E.D. .Pa. June 12, 2015) (concluding that the petitioners' 60(b) motions pursuant to Cox were not brought within a reasonable time).